IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY WATSON et al.,

    Plaintiffs,                        No. CIV S-10-0293 DAD P

    vs.

A. SCHWARZENEGGER et al.,        <u>ORDER AND</u>

    Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        On February 3, 2010, defendants Schwarzenegger and Cate removed this action from state court pursuant to 28 U.S.C. § 1441. Defendants have filed a request, asking the court to screen plaintiffs' complaint pursuant to 28 U.S.C. § 1915A and asking the court for thirty days from the date of the court's screening order to file a response to the complaint.

**REMOVAL**

        Title 28 U.S.C. § 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

        Plaintiffs are state prisoners proceeding pro se. In their complaint, they allege that the defendants have violated their rights under the Fourteenth Amendment. They seek a court

1

order barring the defendants from reducing funding for certain California Department of Corrections and Rehabilitation programs. Specifically, plaintiffs seek a twelve-month injunction barring any reduction in education, vocation, and self-help programs in California state prisons. They also seek an order prohibiting any retaliation against them for filing this cause of action. Because plaintiffs allege a violation of federal constitutional rights, defendants have properly removed this action from state court.

**SCREENING AND DISCUSSION**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). As noted above, on February 3, 2010, defendants commenced this action by removing this case from state court. However, the court's own records reveal that prior to the removal of this action, on January 15, 2010, plaintiffs filed a complaint containing virtually identical allegations against the same defendants in this court. (Case No. CIV S-10-0123 KJM P).[1] Due to the duplicative nature of the present action, the court will recommend that plaintiffs' complaint in this action be dismissed.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Defendants' February 3, 2010 request to screen the complaint (Doc. No. 1) is granted;

2. Defendants' February 3, 2010 request for an extension of time to respond to the complaint (Doc. No. 1) is denied as unnecessary; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wats0293.23